1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT FOR THE

7                       EASTERN DISTRICT OF CALIFORNIA

8

9   JORGE LUIS FLORES,              )        No. CV-F-10-502 OWW
                                    )        (No. CR-F-08-422 OWW)
10                                  )
                                    )        MEMORANDUM DECISION AND
11             Petitioner,          )        ORDER DENYING PETITIONER'S
                                    )        MOTION TO VACATE, SET ASIDE
12       vs.                        )        OR CORRECT SENTENCE PURSUANT
                                    )        TO 28 U.S.C. § 2255 AND
13                                  )        DIRECTING CLERK OF COURT TO
    UNITED STATES OF AMERICA,       )        ENTER JUDGMENT FOR
14                                  )        RESPONDENT
                                    )
15             Respondent.          )
                                    )
16  _____)

17

18       On March 16, 2010, Petitioner Jose Luis Flores, proceeding

19  *in pro per*, timely filed a motion to vacate, set aside or correct

20  sentence pursuant to 28 U.S.C. § 2255.

21       Petitioner was charged with being a deported alien found in

22  the United States, a felony, in violation of 8 U.S.C. § 1326.

23  Petitioner pleaded guilty pursuant to a written Plea Agreement.

24  Pursuant to the Plea Agreement, Petitioner specifically agreed:

25            III.   <u>Agreements by Defendant</u>

26            The defendant fully understands and agrees as

                                    1

follows:

...

(d) Defendant stipulates to the truth of all the facts in the factual basis set forth in section V to this agreement;

...

(f) The defendant agrees not to move for a downward departure or reduction of his sentence beyond the four (4) level departure agreed to by the government under this plea agreement pursuant to U.S.S.G. § 5K3.1.  The defendant understands and agrees that this agreement by him includes, but is not limited to, not moving for a downward departure of his offense level, criminal history category, or criminal history points as defined by the United States Sentencing Guidelines ... Furthermore, defendant shall not argue, by way of reference to factors under 18 U.S.C. § 3553, for a term of imprisonment of less than fifty-one (51) months.

(g) The defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal any sentence imposed.  Acknowledging this, the defendant knowingly and voluntarily agrees to waive all Constitutional and statutory rights to appeal his conviction and sentence, including but not limited to an express waiver of appeal of this plea (including any venue and statute of limitations issues) and to attack collaterally his mental competence, and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. § 2255, 28 U.S.C. § 2241, or 18 U.S.C. § 3742, or otherwise.  If the defendant ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the following rights: (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this agreement.  The decision to

2

1    pursue any or all of these options is solely
     in the discretion of the United States
2    Attorney's Office.  By signing this
     agreement, the defendant agrees to waive any
3    objections, motions, and defenses he might
     have to the government's decision, including
4    Double Jeopardy.  In particular, he agrees
     not to raise any objections based on the
5    passage of time with respect to such counts
     including, but not limited to, any statutes
6    of limitations or any objections based on the
     Speedy Trial Act or the Speedy Trial Clause
7    of the Sixth Amendment ....

8  The United States specifically agreed:

9         IV.  <u>Agreements by the Government</u>

10        The government agrees as follows:

11        (a) The government will recommend a two-level
          reduction (if the offense level is less than
12        16) or a three-level reduction (if the
          offense level reaches 16) in the computation
13        of his offense level if the defendant clearly
          demonstrates acceptance of responsibility for
14        his conduct as defined in Section 3E1.1 of
          the United Sentencing Commission Guidelines
15        Manual;

16        (b) The government will recommend that the
          defendant's offense level be adjusted
17        downward an additional four (4) levels for
          agreeing to an 'early disposition' of this
18        case, under U.S.S.G. § 5K3.1, without a trial
          and without filing any pretrial motions or
19        any objections to the presentence report
          dated December 22, 2008, and if the defendant
20        is sentenced the same day he pleads guilty;
          and
21
          (c) The government will recommend that
22        defendant be sentenced at the low end of the
          applicable U.S. Sentencing Guideline range.
23        This will result in a term of imprisonment of
          fifty-one (51) months.
24
   The factual basis for the Plea Agreement was:
25
          The defendant concedes that he will plead,
26        and is pleading, guilty to the crime set

                              3

forth in the indictment, because he is, in
fact, guilty of that offense.  Defendant
further agrees that the following are the
true and correct facts of this case:

(1) Defendant is a native and citizen of
Mexico and is not a citizen of the United
States of America;

(2) On or about August 22, 2007, the
defendant was removed from the United States;

(3) The defendant was found in the Eastern
District of California on or about October 9,
2008;

(4) The defendant's re-entry into the United
States was without the permission of the
United States Attorney General or the
Secretary of the Department of Homeland
Security; and

(5) On or about June 8, 2005, the defendant
was convicted of corporal injury to spouse,
cohabitant, child's parent in violation of
California Penal Code § 273.5(a), in the
Superior Court of California, County of
Riverside, and the defendant was sentenced to
two years imprisonment (Case No. RIF123913)

Petitioner was sentenced on March 16, 2009 to a term of 51 months

incarceration.  Petitioner did not file a Notice of Appeal.

As grounds for this motion, Petitioner asserts the

ineffective assistance of counsel.  Petitioner contends:

Counsel rendered ineffective assistance by
his failure to make recommendation regarding
whether defendant should accept a downward
departure or reduction of his sentence beyond
four (4) level departure.

Supporting facts: counsel could have argued
on wheather [sic] the Government theory of 16
points [sic] level was a valid issue, because
of defendant prior record was not an
aggravated felony in which the defendant
points went over 16 level instead should have
stayed before the 16 level.

4

1   Petitioner asserts that Respondent "made a deal of trickery,

2   deceitful tactics" because "[w]hen the Government stated that if

3   the defendant level was at 16 and it was below 16 defendant would

4   get the four (4) level departure and if it was over 16 and above

5   defendant would not get four (4) level departure the Government

6   had already known that defendant had a felony."   Petitioner

7   argues that "the Government had already pre-predicted outcome in

8   their calculation of already knowing that defendant would

9   automatic be above the 16 level, and therefore the defendant was

10  already at a disadvantage, and Attorney refusal to raise claim

11  about the four (4) legal departure would constitute Ineffective

12  Assistance Of Counsel by his inadvertence, ignorance, or poor

13  strategic choice. [SIC]"   Petitioner contends:

14          The defendant could have made an intelligent
            decision on to how to handle the four (4)
15          level reduction if had known the government
            was going to use prior conviction of a
16          previous felony, (or) could have made a
            counter plea that includes the reduction
17          level.  Due process requires that any
            ambiguity be construed against the government
18          and in accordance with the defendant's
            reasonable understanding of agreement ... The
19          counsel failure to argue to the district
            court the four level downward departure under
20          USSG § 5k3.1 violated constitutional
            guarantees of equal protection, under Due
21          Process of fifth Amendment, failed under
            plain error review because, Attorney failed
22          to identify any precedent, binding or other,
            that held that limited availability of fast-
23          track departure violated equal protection ...
            Plea bargaining presents an opportunity for
24          prosecutors and defense counsel to undercut
            the purpose of guidelines sentencing.  The
25          defendant prior violation of California Penal
            Code § 273.5(a) is not considered an
26          aggravated felony and did not violate Ex-

                                5

> Post-Facto and cannot be used on defendants
> previous deportation for illegal re-entry and
> the penalties are unambiguous at time of
> commission of said offense ....

A defendant may waive the statutory right to bring a Section 2255 motion challenging his conviction or sentence.  The Ninth Circuit holds that a waiver of the right to file a Section 2255 motion made pursuant to a negotiated plea agreement is enforceable except with respect to a claim that the waiver or the plea was involuntary or the result of ineffective assistance of counsel.  *Washington v. Lambert*, 422 F.3d 864, 870-871 (9th Cir.2005), *cert. denied*, 547 U.S. 1074 (2006).

Here, Petitioner's motion makes no claim that the waiver in the Plea Agreement of his right to file a Section 2255 motion was involuntary or the result of ineffective assistance of counsel. Therefore, Petitioner waived his right to challenge the sentence imposed on him because of alleged ineffective assistance of counsel.

Moreover, even if Petitioner had not waived his right to bring this Section 2255 motion, Petitioner's motion is without merit.

Petitioner's motion appears to be based on a fundamental misunderstanding of the terms of the Plea Agreement and the operation of the Sentencing Guidelines in his case.  The four-level reduction to which Respondent agreed was because of Petitioner's early disposition of the case pursuant to U.S.S.G. § 5K3.1; it had nothing to do with Petitioner's offense level being

over or under 16.  Whether Petitioner's offense level was over or under 16 pertained to a recommendation for either a two or a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  The Presentence Investigation Report ("PSR") recommended a guideline range of 77 to 96 months.  The PSR noted that, if the Government recommended a four-level reduction pursuant to U.S.S.G. § 5K3.1, the guideline range would be 51-63 months.  Petitioner was sentenced to 51 months, the low end of that guideline range, pursuant to the terms of the Plea Agreement.  Petitioner's claim of ineffective assistance of counsel based on counsel's failure to move for a four-level reduction pursuant to § 5K3.1 at sentencing is meaningless because the Government did so and sentence was imposed pursuant to the terms of the Plea Agreement.

Petitioner's claim he was denied the effective assistance of counsel because of counsel's failure to object that Petitioner's conviction of violation of California Penal Code § 273.5(a) was not an "aggravated felony" is without merit.  U.S.S.G. § 2L1.2(b)(1)(A)(ii) provides:

> If the defendant previously was deported ... after -
>
> (A) a conviction for a felony that is ...
> (ii) a crime of violence ..., increase [the base offense level of 8) by 16 levels ....

Application Note 1(B)(iii) to § 2L1.2 states:

> "Crime of violence" means any of the following: murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor,

1      robbery, arson, extortion, extortionate
       extension of credit, burglary of a dwelling,
2      or any offense under federal, state, or local
       law that has as an element the use, attempted
3      us, or threatened use of physical force
       against the person of another.
4
Petitioner admitted in the Plea Agreement and under oath during
5
the change of plea proceedings that he was convicted prior to his
6
deportation from the United States of infliction of corporal
7
injury on a spouse/child.
8
       For the reasons stated:
9
       1.   Petitioner Jorge Luis Flores' motion to vacate, set
10
aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;
11
       2.   The Clerk of the Court is directed to ENTER JUDGMENT FOR
12
RESPONDENT.
13
       IT IS SO ORDERED.
14
Dated:   __March 24, 2010__              _____/s/ Oliver W. Wanger_____
15                                        UNITED STATES DISTRICT JUDGE
16
17
18
19
20
21
22
23
24
25
26

                                8